OPINION *Page 2 
{¶ 1} Appellants Zachary Sword (hereinafter "Zachary") and Monique Jones appeal the decision of the Ashland County Court of Common Pleas granting summary judgment in favor of appellee, Mitchell Altenberger (hereinafter "Mitchell"), finding that Zachary was a spectator in a recreational activity and not entitled to recover damages.
 {¶ 2} The following testimony was adduced from Zachary's deposition. On December 5, 2003, Zachary and Mitchell were third graders at Black River School in Ashland County, Ohio. The third and fourth graders went out for recess at 12:30 p.m. Some of the boys, including Zachary and Mitchell, played football during recess that day. Zachary played football at recess almost everyday. The field the children played on was not a formally marked football field and all the boundaries and/or goals were known to the children.
 {¶ 3} Zachary played football for approximately 20-30 minutes. He told some of his friends that he was not playing anymore. Zachary moved a couple of inches outside of the known boundaries. Zachary watched a couple of plays and then began building a snowman. Zachary was building the middle section of the snowman when he looked up and saw Mitchell running backwards. Zachary then looked toward the hills and Mitchell ran into him. Mitchell's back hit Zachary's chest and stomach causing Zachary to fall to the ground and strike his face. Zachary immediately went to the recess aide and went inside the school to see the nurse. The nurse gave Zachary some ice for his face. Depo. at 34. Zachary later fell asleep in class. That evening Zachary's mother and father took him to the hospital. *Page 3 
 {¶ 4} According to the deposition testimony of Monique Jones, Zachary's mother, Zachary told his mother that Mitchell had hit him accidentally. The hospital personnel told Mrs. Jones that Zachary had a severe concussion and facial contusion. Zachary was evaluated at Akron Children's Hospital and diagnosed with a fractured cheekbone, punctured sinuses and an infection. He developed cellulitis and surgery was performed to drain the infection. Zachary also later had surgery to correct an indentation on his cheek. Zachary again developed cellulitis and surgery was performed again to drain the infection. The doctors have discussed future plastic surgery with Ms. Jones.
 {¶ 5} Zachary and his mother filed suit against Mitchell and his parents, Donald and Beth Altenberger. The Altenbergers filed a motion for summary judgment arguing that Mitchell and Zachary were participants in a recreational or sporting activity. Appellants opposed the motion but did not oppose the dismissal of Mitchell's parents.
 {¶ 6} On March 21, 2007, the trial court granted the motion for summary judgment finding that Zachary was a spectator. Zachary appealed.
 {¶ 7} Appellant raises two Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED BY DISMISSING THE PLAINTIFFS' CLAIMS AGAINST MITCHELL ALTENBERGER BECAUSE REASONABLE MINDS COULD FIND THAT ZACHARY SWORD HAD ENDED HIS PARTICIPATION [SIC] THE GAME IN WHICH ALTENBERGER WAS STILL PARTICIPATING."
 {¶ 9} "II. THE TRIAL COURT ERRED BY INCLUDING ARGUMENTATION NOT OFFERED BY THE MOVING DEFENDANT AS PART OF ITS RATIONALE IN SUPPORT OF GRANTING SUMMARY JUDGMENT." *Page 4 
 I. {¶ 10} In his first assignment of error, Zachary argues that whether he was a spectator or participant is a question of fact and the trial court should not have granted summary judgment.
 {¶ 11} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 12} Civil Rule 56 (C) states in part:
 {¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 14} Summary judgment is a procedural device to terminate litigation so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 15} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this *Page 5 
requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 16} Zachary first posits there exist genuine material issues of fact as to whether he was a spectator. Even construing the facts in favor of Zachary, we find there are no genuine issues of material fact.
 {¶ 17} It is well settled that "[w]here individuals engage in recreational or sports activities, they assume the ordinary risk of the activity, and cannot recover for any injury, unless it is shown that the other participant's actions were either reckless or intentional."Marchetti v. Kalish (1990), 53 Ohio St.3d 95, syllabus, 559 N.E.2d 699. In Gentry v. Craycraft, 101 Ohio St.3d 141, 144, 802 N.E.2d 1116,2004-Ohio-379 at ¶ 10, the Supreme Court of Ohio extended this to spectators stating: "[S]pectators as well as participants `must accept from a participant conduct associated with that sport' or activity and that where injuries stem from `conduct that is a foreseeable, customary part' of the activity, the defendant `cannot be held liable for negligence because no duty is owed to protect the victim from that conduct.'" Gentry; quoting, Thompson v. McNeill (1990),53 Ohio St.3d 102, 104, 559 N.E.2d 705.
 {¶ 18} In the case sub judice, Zachary had been playing football at recess for 20-30 minutes. He moved outside of the known boundaries and watched a couple of plays. He built a snowman while watching the game. Zachary saw Mitchell running backwards then he looked toward the hills. Mitchell ran into Zachary. Mitchell's back hit Zachary's chest and stomach causing Zachary to fall to the ground and causing injury. *Page 6 
 {¶ 19} The trial court was correct in its analysis. It stated: "Zachary Sword was a spectator of the football game at the time the accident occurred. His engaging in the activities of making a snowman and looking toward the hills, when he was not watching the game, does not transform him from a spectator to a non-participant such that he is exempted from the primary assumption of the risk doctrine. Certainly, all spectators are not required to continuously, and without any interruption at all, watch the recreational activity they are witnessing in order for the doctrine to apply." March 21, 2007 Judgment Entry Granting Motion for Summary Judgment at 6.
 {¶ 20} The case at bar is similar to Perrett v. Campbell (Feb. 20, 1996), 5th App. No. 1995CA0063, unreported. In Perrett, four boys were riding their bikes around a house. They stopped riding and went inside to watch a movie. The boys then continued with bike riding. A mother told the boys to put their bikes away. Three boys got off their bikes. The fourth boy continued to ride his bike and struck one of the other boys. This court declined to find that the recreational activity had been discontinued at the time of the incident because the boys had only been off the bikes for a few minutes.
 {¶ 21} Appellants cite two cases to support their argument. Both cases are distinguishable from the case at bar. The first case is Evans v.Wills, 10th App. No. 01AP-422, 2001-Ohio-8750. In that case, the plaintiff was walking on a multi-use trail when the cyclist lost control of his bicycle and struck the plaintiff. The court in Evans held that this type of injury was not a foreseeable or customary risk in walking.Evans at 4. It is important to note that the plaintiff in Evans was not riding a bicycle or watching that activity. The next case cited by appellants is Konesky v. Wood Cty. Agricultural Society,164 Ohio App.3d 839, 844 N.E.2d 408, 2005-Ohio-7009. In Konesky, the *Page 7 
plaintiff was loading her truck outside of the fence during a harness race. She was well away from the opening of the fence. She was not observing the race. A horse threw its driver and ran through a fence opening and trampled her. Again, in Konesky, the plaintiff was not watching the race or participating in that activity. She was loading her vehicle. We find neither case is applicable to Zachary's scenario.
 {¶ 22} Based on the undisputed facts, we find that reasonable minds could only conclude Zachary was a spectator of the football game and that Mitchell's actions were neither intentional nor reckless. Zachary assumed the ordinary risk of the activity.
 {¶ 23} Based in the foregoing, appellants' first assignment of error is overruled.
 II. {¶ 24} Appellants further contend in their second assignment of error that the trial court committed error when it stated Zachary was a participant in the recreational activity of "recess" as opposed to a football game. Appellants argue this was not an argument advanced by Mitchell and was improper.
 {¶ 25} This Court has held the "[a] trial court is not permitted to base its decision to grant summary judgment upon an argument which was not asserted in the summary judgment motion." Murray v. Grange MutualCasualty Company, 5th App. No. 2003CA00047, 2003-Ohio-3365, citing,Battin v. Trumbull County, 11th App. No. 2000-T-0091, 2002-Ohio-5162,Butler v. Harper, 9th App. No. 21051, 2002-Ohio-5029, andHollinghead v. Bey (Jul. 21, 2000), 6th App. No. L-99-1351, unreported.
 {¶ 26} In the case sub judice, the trial court did not base its decision on an argument not asserted in the summary judgment. The trial court first held that Zachary was a spectator as argued by Mitchell, then in dicta the trial court stated: *Page 8 
 {¶ 27} "Although it was not argued by the Defendants, the Court also notes that the children were involved in the recreational activity of recess at the time of the accident. If the `recreational activity' is construed as being as broad as the recreational activity of `recess,' and the individual activities of any given child are not relevant, then both boys were clearly participants in `recess' and therefore the doctrine applies without regard to whether Zachary Sword was a participant or spectator with regard to the specific recess activities of Mitchell Altenberger." March 21, 2007 Judgment Entry Granting Motion for Summary Judgment at 6.
 {¶ 28} Upon review, we find the trial court did not base its decision on this statement. Accordingly, assignment of error two is overruled.
 {¶ 29} The judgment of the Ashland County Court of Common Pleas is affirmed.
 Delaney, J., Farmer, P.J., and Wise, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellants. *Page 1